NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE THOMAS C. CHUANG,**

*Appellant*

---

2014-1257

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 12/488,562.

---

Decided: February 10, 2015

---

THOMAS C. CHUANG, Chuang Intellectual Property Law, San Francisco, California, pro se.

NATHAN K. KELLEY, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for appellee. Also represented by FARHEENA YASMEEN RASHEED, AMY J. NELSON.

---

Before REYNA, MAYER, and CHEN, *Circuit Judges.*

PER CURIAM.

The Patent Trial and Appeal Board (Board) affirmed the examiner's rejections of claims 1–3 and 5–20 from Thomas Chuang's patent application as obvious over a

combination of three references. For the reasons discussed below, we affirm.

## BACKGROUND

Mr. Chuang filed his application on June 21, 2009 under the Patent Office's Accelerated Examination program.[1] Following a final action issued by the Patent Office, Mr. Chuang appealed to the Board (then called the Board of Patent Appeals and Interferences). In response, the examiner reopened prosecution, but rejected all pending claims under 35 U.S.C. § 103, and rejected certain claims as non-statutory subject matter under 35 U.S.C. § 101. Mr. Chuang again appealed to the Board, which then issued a decision affirming the examiner's rejections under 35 U.S.C. § 103, and, without the benefit of later-decided *Alice Corp. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2358 (2014), the Board reversed the examiner's rejections under 35 U.S.C. § 101. This appeal followed. We confine our review to the Section 103 issue. We have jurisdiction under 28 U.S.C. § 1295(a)(4).

## DISCUSSION

We review the Board's factual findings for substantial evidence and its legal conclusions de novo. *In re Kotzab*, 217 F.3d 1365, 1369 (Fed. Cir. 2000). Obviousness is a question of law based on underlying facts. *Graham v. John Deere Co.*, 383 U.S. 1, 17 (1966).

---

[1] As a condition of entry into the Accelerated Examination Program, Mr. Chuang agreed not to separately argue the patentability of any dependent claims in any subsequent appeal. *See* Manual of Patent Examining Procedure (MPEP) § 708.02(a)(I), 9th ed., rev. 9 (Mar. 2014). Mr. Chuang's appeal of the rejections is thus focused on representative claims 1, 7, and 13, which are the independent claims.

### Rejection of Claim 1

Independent claim 1 recites a computer implemented method for managing rented downloaded content:

A computer implemented method for managing rented downloaded content comprising:

[a] presenting a user with a content descriptor associated with a downloadable content downloadable to the user available to rent at a rental price and purchase at an initial purchase price;

[b] receiving a user rental request to rent the downloadable content at the rental price;

[c] initiating downloading of the downloadable content to the user at a user computer responsive to receiving the user rental request, the downloadable content including a use limitation comprising an expiration date;

[d] generating a user data structure comprising:

[i] one or more content descriptors associated with previously downloaded content rented by the user; and

[ii] a status identifier for each content descriptor, the status identifier comprising the expiration date;

[e] maintaining a database of user data structures corresponding to a plurality of users;

[f] generating a previously downloaded content purchase price for a content descriptor associated with a previously downloaded content rented by the user;

[g] providing the previously downloaded content purchase price to the user;

> [h] receiving a user purchase request to purchase the previously downloaded content rented by the user and residing on the user computer; and
>
> [i] transmitting an update of the use limitation following receipt of the user purchase request, the update comprising a file update eliminating the expiration date included in the downloadable content.

Application, claim 1 (annotated).

The examiner rejected claim 1 and dependent claims 2–3 and 5–6 as obvious over the combination of three references: U.S. Patent publication no. 2004/0068451 (Lenk), U.S. Patent no. 7,403,910 (Hastings), and U.S. Patent publication no. 2002/0032905 (Sherr).[2]

Lenk discloses an online system and method for renting and purchasing electronic media, for example video games, wherein the media is mailed to the customer in physical discs. Lenk, abstract. Figure 31 illustrates an exemplary webpage, which displays a game product description page including selection buttons for "Rent it (36R)," and "Buy it (36b)." Any user can click on the "Buy it" button and purchase any game listed on the website for a corresponding "Buy it" price. *Id.* at ¶¶ 81–82. In addition, Lenk discloses a monthly subscription rental model whereby a user is charged a monthly subscription fee. *Id.* at ¶ 73. Subscribing members are permitted to take out a predetermined number of discs at any given time (e.g., no more than two games out at a time). *Id.* If a member clicks on "Rent it" button when viewing a game,

---

[2]  While not necessary to reject the claims, the examiner also cited a fourth reference (Ptasznik). Because the claims are properly rejected under the combination of Lenk, Hastings, and Sherr, we find it unnecessary to address Ptasznik.

that game is added to the member's rental queue and subsequently delivered to that member. *Id*. at ¶¶ 80–81. Under "Games You Have Out," members have the option, at any time while a game is in their possession, to click the "Keep it" button and keep the game for a purchase price set by the service. *Id*. at ¶ 106.

Hastings likewise discloses a system for renting digital audio and video products to customers using a subscription payment model. Hastings, col. 9, ll. 1–25. Similar to Lenk, Hastings teaches that customers can select movies, music, and videogames and prioritize them in a desired order within a rental queue. *Id*. at col. 8, ll. 8–19. Hastings further discloses that the rental user can choose electronic delivery of the content by download over the Internet, or by shipment of physical media in the mail. *Id*. at col. 26, ll. 5–12. The download process is mediated by "a software feature or tool to manage the electronic transfer and relinquishment of the content product" with encryption provisions for "removal, change, or expiry of keys that unlock or enable the content to be used." *Id*. at col. 26, ll. 15–17, col. 25, ll. 50–60. In the rental context, the tool may have the ability to delete content when the rental period for that content has expired. *Id*. at col. 26, ll. 35–39.

The third reference Sherr also discloses a rental system for video rental services. Sherr, ¶ 9. Unlike Lenk and Hastings, Sherr discloses a pay-as-you-go model that allows users to download movie files onto their computers using the Internet. *Id*. Users send requests to rent digital video from an online catalog and upon payment, are able to download the video. *Id*. Once a video is transmitted, it is viewable by a user for a specified period of time using an encryption key. *Id*. at ¶¶ 88, 119, 122. The encryption key is disabled once the specified period of time expires and prohibits further replaying of the video. *Id*. at ¶¶ 121–22.

All three references disclose online video or video game rental services and, as the examiner found, describe business strategies that were old and well known in the art. In particular, the examiner noted that a skilled artisan would have recognized that the concepts of renting media with the additional option of buying it, whether by mail, downloaded over the Internet, per title, or by a monthly subscription fee, were all old and well known. Individual features from each reference could thus be combined according to known methods to yield predictable results. For example, the examiner found that one of ordinary skill in the art would have "looked upon Hastings and recognized that downloading media to be played on an electronic system is old and well known and would have been an obvious feature to be included with the system and method of Lenk," which discloses delivery of rented media by mail. Examiner's Answer dated Apr. 6, 2011 (Answer), 12. Combining Lenk and Hastings would predictably provide "a more versatile media" as well as "providing a more streamlined process of allowing user's [sic] to purchase media that they already have in their possession." *Id.* at 12-13. The examiner likewise found it would have been obvious to combine aspects of Sherr even though Sherr discloses a different payment model, because that model was simply "an alternate business strategy that is old and well known in the art." *Id.* at 28. Ultimately, the nature of the problem to be solved— renting media to users—as well as the need to do so in an efficient and user-friendly way, would have led one of ordinary skill in the art to choose appropriate features from each reference to arrive at the claimed invention.

In particular, the examiner found that Lenk teaches most of the limitations of claim 1, including presenting the content for rent or purchase, receiving a rental request for the content, delivering the content, providing the user a purchase price for the previously rented content in the user's possession, receiving a purchase request

for the content, and updating the database to reflect the sale. The examiner also found that the claimed "rental price," under its broadest reasonable interpretation, encompasses the monthly rental scheme disclosed in Lenk. The examiner acknowledged that the combination of Lenk and Hastings fails to disclose a use limitation and a status identifier, the limitation and identifier each comprising an expiration date. However, Sherr disclosed those limitations by teaching media that is encrypted and unlocked using an encryption key that expires once a specified period of time passes.

The Board reviewed, agreed with, and affirmed the examiner's obviousness rejections. Accordingly, the Board rejected Mr. Chuang's argument that the claimed "rental price" is not met by Lenk's subscription plan model. The Board agreed with the examiner that the term encompasses monthly rental schemes, finding that "each rental media in the Lenk system has an associated price, which is the monthly subscription fee." The Board also rejected Mr. Chuang's argument that Lenk teaches away from the use of an expiration date because there are no "due dates" in the monthly subscription plan. The Board found that while Lenk teaches an alternative design, Mr. Chuang failed to show that Lenk criticizes, discredits, or otherwise discourages the claimed solution.

Mr. Chuang advances here essentially the same arguments he raised on appeal to the Board. First, he contends that the Board erred in affirming the examiner's determination that Lenk discloses the claimed "rental price" of clause [a]. Specifically, Mr. Chuang contends that the Board failed to construe the term or in the alternative, incorrectly construed the term.

We find that the Board, in adopting the examiner's analysis, addressed the construction of the term adequately enough to permit judicial review. *See, e.g., In re Hyatt*, 211 F.3d 1367, 1371 (Fed. Cir. 2000). With respect

to "rental price," the examiner found that the prior art does "have an associated rental fee for renting media online[.]" Answer at 27. This statement implicitly construes the "rental price" limitation, under its broadest reasonable interpretation, to mean "an associated rental fee for renting media online."

Here, Mr. Chuang has not provided a persuasive reason, e.g., disclaimer or lexicography, for us to depart from the examiner's construction (adopted by the Board). We also note that his proposed construction is inconsistent with other parts of the specification, which discloses a DVD rental embodiment where users pay a monthly fee which allows the user to rent as many DVDs as desired. Under the agency's reasonable construction, there is no dispute that Lenk's monthly fee for renting media discloses the "rental price" as claimed.[3]

Next, Mr. Chuang contends that Lenk is not properly combined with Sherr to teach the term "expiration date" in limitations [c] and [d] of claim 1. Mr. Chuang does not dispute that Sherr discloses this limitation. However, he contends that Lenk's disclosure of a monthly subscription system teaches away from use of expiration dates as claimed in his invention. Specifically, because Lenk teaches that members can rent their games for any length of time and emphasizes the absence of due dates as a benefit of its subscription model, it teaches away using expiration dates.

---

[3] Moreover, it is undisputed that the prior art discloses the claimed "rental price" even under Mr. Chuang's narrow conception of the term. As the examiner found, Sherr discloses the old and well-known method of allowing users to rent a particular movie for a predetermined time period for a specified payment. Answer at 13; Sherr, Fig. 9; *id.* at ¶ 9.

We disagree. There is substantial evidence to support the Board's finding that Lenk does not teach away from the claimed invention. The fact that the two references teach different payment models for how to rent videos does not mean that a person of ordinary skill in the art would have been discouraged from combining different features from the two disclosures, including the well-known aspect of using expiration dates on rental media. "[I]t is not necessary that the inventions of the references be physically combinable to render obvious the invention under review." *In re Sneed,* 710 F.2d 1544, 1550 (Fed. Cir. 1983); *see also In re Fulton*, 391 F.3d 1195, 1201 (Fed. Cir. 2004) ("The prior art's mere disclosure of more than one alternative does not constitute a teaching away from any of these alternatives because such disclosure does not criticize, discredit, or otherwise discourage the [claimed] solution . . . ."). Rather, the relevant inquiry is "what the combined teachings of the references would have suggested to those of ordinary skill in the art." *In re Keller*, 642 F.2d 413, 425 (C.C.P.A. 1981).

In adopting the examiner's rejections, the Board reasonably found that both references are directed to the same field of endeavor—distribution and rental of media. It was further reasonable for the Board to find that using an expiration date with the downloaded rented media of Lenk (as modified in view of Hastings) was no more than a combination of familiar elements in a known way to yield predictable results. As the references teach old and well-known concepts for renting media, taking a well-established feature of one and incorporating it into the other would have been obvious. *See, e.g.,* Lenk, ¶ 69 (generally stating that its invention may be "applied to rental and sales of electronic entertainment items.")] Mr. Chuang is unable to point to any passage in Lenk that criticizes or otherwise discourages the use of expiration dates in a rental system using a subscription payment model. Indeed, the examiner found that Hastings, which

like Lenk teaches a subscription model, teaches deleting downloaded media after the rental time has expired.

We thus find that the Board did not err in upholding the examiner's rejection of claim 1.

## REJECTION OF CLAIM 7

Mr. Chuang relies on the same arguments presented for claim 1 in appealing the rejection of claim 7. We reject these arguments for the same reasons as set forth for claim 1 and find that the Board did not err in upholding the rejection of claim 7.

## REJECTION OF CLAIM 13

Claim 13 is similar to claim 1 and, relevant here, requires a step of providing to the user a user data structure comprising, *inter alia*, "a rent again selector for each content descriptor . . . , the rent again selector associated with a previously downloaded content rent again price . . . ." Mr. Chuang contends that the Board erred in finding that a "rent again selector" and a "rent again price" would have been obvious over the prior art. He does not dispute that the examiner properly found these limitations are disclosed in Sherr. Rather, he again argues that the teachings of Lenk and Sherr are incompatible because their respective media rental schemes are incongruous.

We disagree and find the Board provided substantial evidence of motivation for one of ordinary skill to combine the teachings in the references to enable re-renting of media. Through adopting the examiner's Answer, the Board reasonably found that one of ordinary skill in the art looking at Lenk's "Keep it" button would have understood there was a motivation to provide shortcuts to allow users to obtain items as quickly as possible. The same motivation would have led one of ordinary skill in the art to combine the attributes of Lenk with Sherr's teaching of re-renting media, with a "rent again" button "to provide

shortcuts to [allow users to] obtain an item as quickly as possible . . . since it allows for better customer satisfaction/service." Answer at 32–33. *See In re Keller*, 642 F.2d at 425. And as the examiner reasonably found, doing so would have been a combination of familiar elements in a known way to yield predictable results.

Mr. Chuang also contends that the prior art does not disclose claim 13's requirement of the step of receiving a user request to re-rent previously rented content that is "residing on the user computer." Contrary to Mr. Chuang's arguments, as the Board and examiner found, Sherr teaches that users can pay for unlock codes to "re-rent the downloaded media." *See* Answer at 29 (citing Sherr, ¶¶ 88, 119, 122). Finally, Mr. Chuang relies on the same arguments he presented for claim 1 as additional grounds for appealing the rejection of claim 13. We reject these arguments for the same reasons as set forth for claim 1, *supra*.

We thus find the Board did not err in upholding the examiner's rejection of claim 13.

CONCLUSION

For the foregoing reasons, we conclude that the Board properly affirmed the examiner's rejection of representative claims 1, 7, and 13 as obvious over Lenk, Hastings, and Sherr. We have considered Mr. Chuang's remaining arguments and find them without merit. We thus *affirm* the rejections of claims 1–3 and 5–20.

**AFFIRMED**