**In re David D. MURESAN and David Muresan.**

Nos. 02–1041, 08/653,425.

United States Court of Appeals, Federal Circuit.

Decided April 3, 2002.

Rehearing Denied May 1, 2002.

Before NEWMAN, LINN, and DYK, Circuit Judges.

DYK, Circuit Judge.

David D. Muresan and David Muresan ("Appellants") filed Patent Application No. 08/653,425 for devices within a computer mouse. The Board of Patent Appeals and

Interferences ("Board") rejected the only claim of Appellants' application as obvious under 35 U.S.C. § 103 (2000). *In re Muresan*, No. 1998–3357 (Bd. Pat.App. & Int. July 16, 2001). Appellants requested rehearing, and the Board reaffirmed its earlier rejection of Appellants' claim. *In re Muresan*, No. 1998–3357 (Bd. Pat.App. & Int. Sept. 10, 2001). Because the Board did not err in holding that Appellants' computer mouse was obvious in light of the cited prior art, this court affirms.

## DISCUSSION

■ The application, filed on May 24, 1996, consisted of one page and the sole claim concerned devices inside a computer mouse. The application describes a ball and magnet combination, inside a computer mouse, used to track the ball's movement over a surface and to drive other internal "shafts" which monitor the movement of the mouse as the ball moves over the surface. The ball has a magnetic core and is attracted by the magnet, so that it is pressed against portions of each of the two shafts. The ball rotates when it is moved across the surface and, because it is in contact with the shafts, causes the shafts to rotate. The rotation of the shafts is linked to the movement of the mouse in the X and Y-coordinate directions across the surface. The sole claim on appeal recites, "The Computer Mouse comprising: a magnet which attracts the rubber magnetic core ball against the X and Y coordinate shafts."

U.S. Patent No. 5,371,516 issued to Ryuichi Toyoda, et al. ("Toyoda") is in the prior art and is directed to a pen type computer input device. Toyoda discloses a ball, which may contain magnetic particles and a rubber covering, *id.* at col. 11, II. 13–17, and which is in contact with a surface, *id.* at col. 3, II. 47–54. Toyoda discloses a magnet that attracts the ball so that the ball is in contact with X and Y-coordinate shafts and a bearing that pushes the ball against the coordinate shafts. *Id.* at col. 11, II. 18–21. Toyoda discloses a computer mouse as an example of a computer input device and states that computer mice are well known in the art. *Id.* at col. 1, II. 12–36.

On December 16, 1997, the examiner issued a final rejection of the application as being obvious under 35 U.S.C. § 103(a) in view of Toyoda. After the final rejection, on January 6, 1998, Appellants submitted an amended specification and claim for "[a] computer mouse having the rotatable ball with two contacts inside of it, comprising: a magnet which attracts the mouse magnetic core ball and rubber outer layer, without touching the ball, against the coordinates x and y shafts, in a plane parallel with the shafts [of the] × and y plane." The examiner refused to enter the amendments because they raised an issue of new matter.

The Board affirmed the examiner's rejection under 35 U.S.C. § 103(a) in view of Toyoda because it found that Toyoda disclosed a computer input device having a magnet which attracts a ball, where the ball is "in contact with at least X and Y-coordinate shafts." *In re Muresan*, No.1998–3357, slip op. at 6 (July 16, 2001 decision).

In *In re Sang–Su Lee*, 277 F.3d 1338 (Fed.Cir.2002), we set forth the standards the Patent and Trademark Office ("PTO") must adhere to when rejecting a claim under 35 U.S.C. § 103. When rejecting a claim for obviousness, the PTO must articulate reasons for its decision. *Id.* at 1342. In particular, the PTO must show that there is a teaching, motivation, or suggestion of a motivation to combine references relied on as evidence of obviousness. *Id.* at 1343.

Appellants urge that their invention is patentable over Toyoda because Toyoda discloses a bearing pushing the ball against the coordinate shafts, whereas Appellants' device has no such bearing.

However, the plain language of Appellants' claim requires only that the ball be attracted by the magnet "against the X and Y coordinate shafts." When examining claims for patentability, the Board is required to interpret claims as broadly as is reasonable. *See, e.g., In re Hyatt,* 211 F.3d 1367, 1372, 54 USPQ2d 1664, 1667 (Fed.Cir.2000); *In re Morris,* 127 F.3d 1048, 1054–55, 44 USPQ2d 1023, 1027–28 (Fed.Cir.1997). Because the claim used the transitional term "comprising," the claimed computer mouse is not limited to having only a magnet that attracts a magnetic core ball, but may include additional features, for example, a bearing. Thus, the Board properly concluded that the claim language allows that the ball may be in contact with *at least* the X and Y coordinate shafts, and is not limited to a ball in contact with *only* the two coordinate shafts. Therefore, the Board did not err in its claim construction. Here, the Toyoda reference itself provided the suggestion to combine its disclosure of a pen type computer input device having a magnetic rubberized ball in contact with X- and Y-coordinate shafts with known computer mice. Thus, the Board did not err in rejecting the claim as obvious under 35 U.S.C. § 103(a) in light of Toyoda.

Appellants raise two other issues. First, although the official filing date of Appellants' application was May 24, 1996, Appellants urge here that they first filed an application on January 28, 1996, containing a claim which recited "This Computer Mouse is characterized by using a magnet, to press the rubber magnetic core against the coordinates X and Y shafts."[1] The document in the record, alleged to have been filed on January 28, 1996, however, is unsigned, undated, and not stamped as having been received by the PTO. Moreover, the January 28, 1996, claim is not materially different from the May 1996 application because it too is not limited to a ball in contact with only two shafts.

Second, Appellants urge that the Board erred because it did not direct the examiner to enter the amendment proposed on January 6, 1998. It is well settled that an appeal of an examiner's decision not to enter an amendment must be directed to the Director and not to the Board. 37 C.F.R. § 1.127 (2001); *In re Hengehold,* 58 C.C.P.A. 1099, 440 F.2d 1395, 1403, 169 USPQ 473, 479 (1971); *In re Mindick,* 54 C.C.P.A. 1053, 371 F.2d 892, 894, 152 USPQ 566, 568 (1967). Thus, the Board did not err in declining to address this issue.

For the forgoing reasons, we *affirm.*

---

1. The Board opinion does not address this claim, nor does the PTO's brief on this appeal.