DYK, Circuit Judge,
dissenting.
I respectfully dissent. Under our decision in Lee the Board may not rely on common knowledge and common sense in rejecting a claim as obvious. In re Lee, 277 F.3d 1338, 1344-45 (Fed.Cir.2002). But both the examiner and the Board are presumed to be skilled in the art, id. at 1345, as the majority recognizes, ante at 743. They may properly rely on that knowledge in making rejections for obviousness, but “when they rely on what they assert to be general knowledge to negate patentability, that knowledge must be articulated and placed on the record.” Lee, 277 F.3d at 1345.
That is exactly what the examiner and Board have done here. The patent examiner rejected Beasley’s claims as obvious over Pieters in view of either Belser or Doyle, finding a motivation to combine in the fact that “image data stored in the bit map format can be read out rapidly.” Jan. 7, 2000 Office Action at 2. The examiner sustained his rejection in the subsequent Office Action and specifically addressed Beasley’s argument that there was no motivation to combine. The examiner noted that “[t]he advantage of using the bit map memory over the conventional memory is well recognized” and listed three advantages: (1) increasing the display rate; (2) ensuring proper correlation of image locations with display locations; and (3) minimizing data processing and storage requirements. June 14, 2000 Office Action at 4. The Board agreed with the reasoning of the examiner and further found that an “artisan skilled in the image display and memory arts would have been well aware of the restructuring and manners of address which would need to be changed in order to substitute one type of memory for another.” Ex parte Beasley, Appeal No.2001-2202, Paper No. 38, at 6 (B.P.A.I. Aug. 29, 2002). I see no error in the Board’s reliance on the PTO’s own specialized knowledge. The effect is merely to create a prima facie case, and to shift the burden to the patent applicant. Here the applicant did not refute the factual findings of the Board and the patent examiner, but merely offered lawyer argument to contradict the Board’s findings. Under these circumstances the application was properly rejected.
With this said, I agree that the MPEP provision in effect at the time is not a model of clarify and can be read as recog *746 nizing only a very limited scope for the use of the PTO’s expertise. MPEP § 2144.03 (7th ed.1998). However, the current version appears to allow greater latitude. MPEP § 2144.03 (8th ed„ rev.2, 2004). In future eases, where the PTO has provided us with an interpretation of the new MPEP provisions, we will need to address the extent to which the new version of the MPEP gives the PTO greater scope to rely on its own expert knowledge.