# United States Court of Appeals for the Federal Circuit

---

**IN RE: MARCEL VAN OS, FREDDY ALLEN ANZURES, SCOTT FORSTALL, GREG CHRISTIE, IMRAN CHAUDHRI,**
*Appellants*

---

2015-1975

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 12/364,470.

---

Decided: January 3, 2017

---

E. JOSHUA ROSENKRANZ, Orrick, Herrington & Sutcliffe LLP, New York, NY, argued for appellants. Also represented by CHRISTOPHER J. CARIELLO; MARK S. DAVIES, Washington, DC; BRIAN B. HO, PETER J. YIM, Morrison & Foerster LLP, San Francisco, CA.

BRIAN RACILLA, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, argued for appellee Michelle K. Lee. Also represented by THOMAS W. KRAUSE, PHILIP J. WARRICK.

---

Before NEWMAN, MOORE, and WALLACH, *Circuit Judges.*

Opinion for the court filed by *Circuit Judge* MOORE.

Opinion concurring in part and dissenting in part filed by
*Circuit Judge* NEWMAN.

MOORE, *Circuit Judge*.

Appellants Marcel Van Os and other inventors at Apple Inc. (collectively, "Van Os") appeal from a decision of the Patent Trial and Appeal Board ("Board") affirming the examiner's rejection of claims 38–41 of U.S. Patent Application No. 12/364,470 ("the '470 application"). For the reasons discussed below, we vacate and remand.

BACKGROUND

The '470 application is directed to a touchscreen interface in a portable electronic device that allows a user to rearrange icons. Claims 38 and 40, the only independent claims at issue, both recite the initiation of an "interface reconfiguration mode" to permit icon rearrangement. Claim 38 distinguishes among a "first user touch" to open an application, a longer "second user touch" to initiate the interface reconfiguration mode, and a "subsequent user movement" to move an icon. Claim 40 does not recite a touch to open an application, but recites that its "first user touch of at least an established duration" initiates the interface reconfiguration mode and allows movement of an icon "in the absence of a further user input."

The Board reversed the examiner's rejection of twenty-nine claims but affirmed that claims 38–41 would have been obvious over U.S. Patent No. 7,231,229 ("Hawkins") and U.S. Pub. No. 02/0191059 ("Gillespie"). Hawkins discloses a personal communication device with a touch-sensitive screen. It teaches that an "Edit Favorites Button" can be selected from a menu or keyboard command for "performing button 701 configuration and/or editing," and that "a user can rearrange buttons 701 by dragging button 701 from one location to another . . . ." Gillespie discloses an interface on a computer touch pad with an unactivated and activated state. It discloses that in the

activated state, icons are functional and can be removed or rearranged. It teaches that an individual icon could be "activated" by various means, such as touching an icon with multiple fingers or with rapid double taps, hovering the finger over an icon without touching the touch screen, or holding the finger on an icon for a sustained duration, whereas "single taps near an icon could be interpreted as normal mouse clicks."

The examiner found Hawkins discloses each limitation of claim 38, but "does not explicitly disclose that the interface reconfiguration mode is initiated by a user touch of a longer duration than a user touch of a first duration used to initiate an application corresponding to an icon." J.A. 2063–64. To satisfy this limitation, the examiner relied on Gillespie's disclosure of a sustained touch and reasoned adding this feature to Hawkins "would be an intuitive way for users of Hawkins' device to enter into the editing mode." J.A. 2064. He found claim 40 to be "substantially the same" and rejected it on the same basis. *Id.*

The Board incorporated the examiner's analysis and concluded the examiner did not err in holding that claims 38 and 40, and dependent claims 39 and 41, would have been obvious over a combination of Hawkins and Gillespie. Van Os timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

We review the Board's factual determinations for substantial evidence and its legal determinations de novo. *Belden Inc. v. Berk-Tek LLC*, 805 F.3d 1064, 1073 (Fed. Cir. 2015). Obviousness is a question of law based on subsidiary findings of fact. *Id.* Whether a person of ordinary skill in the art would have been motivated to modify or combine prior art is a question of fact. *Id.*

The Board's conclusion that claims 38–41 of the '470 application would have been obvious hinges on its finding that a person of ordinary skill in the art would have been motivated to modify Hawkins' initiation of an editing mode via menu selection or keyboard command with Gillespie's disclosure of a sustained touch, "holding the finger steady over an icon for a given duration" to "activate" an icon. Specifically, the Board found, without further discussion, that the combination of Gillespie with Hawkins would have been "intuitive."

In *KSR*, the Supreme Court criticized "[r]igid preventative rules that deny factfinders recourse to common sense" when determining whether there would have been a motivation to combine prior art. *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 421 (2007). The proper approach, as explained in *KSR*, credits the common sense and creativity of a skilled artisan to assess whether there would have been a motivation to combine elements from prior art references in the manner claimed. *Id.* at 418–21. But the flexibility afforded by *KSR* did not extinguish the factfinder's obligation to provide reasoned analysis. Instead, *KSR* specifically instructs that when determining whether there would have been a motivation to combine, the "analysis should be made explicit." *Id.* at 418.

Since *KSR*, we have repeatedly explained that obviousness findings "grounded in 'common sense' must contain explicit and clear reasoning providing some rational underpinning why common sense compels a finding of obviousness." *Plantronics, Inc. v. Aliph, Inc.*, 724 F.3d 1343, 1354 (Fed. Cir. 2013) (citation omitted); *see also Arendi S.A.R.L. v. Apple Inc.*, 832 F.3d 1355, 1362 (Fed. Cir. 2016) ("[R]eferences to 'common sense' . . . cannot be used as a wholesale substitute for reasoned analysis and evidentiary support . . . ."); *Randall Mfg. v. Rea*, 733 F.3d 1355, 1362 (Fed. Cir. 2013) ("In recognizing the role of common knowledge and common sense, we have emphasized the importance of a factual foundation

to support a party's claim about what one of ordinary skill in the relevant art would have known."); *Mintz v. Dietz & Watson*, 679 F.3d 1372, 1377 (Fed. Cir. 2012) ("The mere recitation of the words 'common sense' without any support adds nothing to the obviousness question."); *Perfect Web Techs. Inc. v. InfoUSA Inc.*, 587 F.3d 1324, 1330 (Fed. Cir. 2009) ("[T]o invoke 'common sense' or any other basis for extrapolating from prior art to a conclusion of obviousness, [the factfinder] must articulate its reasoning with sufficient clarity for review."). Even before *KSR*, we explained that while the Board may rely on common sense, it must "explain *why* 'common sense' of an ordinary artisan seeking to solve the problem at hand would have led him to combine the references." *DyStar Textilfarben GmbH & Co. v. C.H. Patrick Co.*, 464 F.3d 1356, 1366–67 (Fed. Cir. 2006).

Absent some articulated rationale, a finding that a combination of prior art would have been "common sense" or "intuitive" is no different than merely stating the combination "would have been obvious." Such a conclusory assertion with no explanation is inadequate to support a finding that there would have been a motivation to combine. This type of finding, without more, tracks the *ex post* reasoning *KSR* warned of and fails to identify any actual *reason* why a skilled artisan would have combined the elements in the manner claimed. *See* 550 U.S. at 418, 421.

Here, neither the Board nor the examiner provided any reasoning or analysis to support finding a motivation to add Gillespie's disclosure to Hawkins beyond stating it would have been an "intuitive way" to initiate Hawkins' editing mode. The Board did not explain why modifying Hawkins with the specific disclosure in Gillespie would have been "intuitive" or otherwise identify a motivation to combine. "The agency tribunal must make findings of relevant facts, and present its reasoning in sufficient detail that the court may conduct meaningful review of

the agency action." *In re Lee*, 277 F.3d 1338, 1346 (Fed. Cir. 2002) (vacating the Board's obviousness determination and remanding for the Board to "set forth the findings and explanations needed for 'reasoned decisionmaking'"); *see also Power Integrations, Inc. v. Lee*, 797 F.3d 1318, 1327 (Fed. Cir. 2015) (vacating the Board's anticipation determination and instructing the Board on remand to "set[] out its reasoning in sufficient detail to permit meaningful appellate review"); *In re NuVasive*, No. 15-1670, 2016 WL 7118526, at *6 (Fed. Cir. Dec. 7, 2016) (vacating the Board's decision and remanding "for additional explanation of the PTAB's findings"). As in *In re Lee, Power Integrations*, and *NuVasive*, when the Board's action is "potentially lawful but insufficiently or inappropriately explained," we have consistently vacated and remanded for further proceedings. *See In re Lee*, 277 F.3d at 1346 (internal quotation marks and citations omitted). For these reasons, the Board's holding that claims 38–41 of the '470 application would have been obvious is vacated and remanded.

**VACATED AND REMANDED**

COSTS

Costs to Appellants.

# United States Court of Appeals
# for the Federal Circuit

_____

**IN RE: MARCEL VAN OS, FREDDY ALLEN
ANZURES, SCOTT FORSTALL, GREG CHRISTIE,
IMRAN CHAUDHRI,**
*Appellants*

_____

2015-1975

_____

Appeal from the United States Patent and Trademark
Office, Patent Trial and Appeal Board in No. 12/364,470.

_____

NEWMAN, *Circuit Judge,* concurring in part, dissenting in
part.

I agree that the bare recitation by the Board and ex-
aminer that it would have been "intuitive" to combine the
disclosures of the Gillespie and Hawkins references is
inadequate to support a ruling of obviousness. I write
separately because remand is not the appropriate remedy
in examination appeals in which the PTO has not carried
its burden of establishing unpatentability. On our affir-
mance that the PTO has not established unpatentability,
Apple is "entitled to a patent." 35 U.S.C. § 102(a). That
ends the examination procedure.

In examination appeals, the PTO and the PTAB are
not neutral arbiters; they bear the burden of establishing
unpatentability. This is a critical difference between an
examination appeal and the new post-grant AIA proce-
dures. On examination, the statute provides: "A person

shall be entitled to a patent unless—." 35 U.S.C. 102(a). Thus the burden of establishing unpatentability rests with the PTO during examination. If the PTO fails to carry that burden, by statute the applicant is "entitled to a patent." Our predecessor court explained:

> The Patent Office has the initial duty of supplying the factual basis for its rejection. It may not, because it may doubt that the invention is patentable, resort to speculation, unfounded assumptions or hindsight reconstruction to supply deficiencies in its factual basis.

*Application of Warner*, 379 F.2d 1011, 1017 (CCPA 1967).

When the Patent Office, as it did here, relies on the "naked invocation of skill in the art to supply a suggestion to combine the references," with no adequate explanation, reasoning, or analysis, the statutorily required result is reversal. *In re Rouffet*, 149 F.3d 1350, 1359 (Fed. Cir. 1998) ("Absent any proper motivation to combine part of Levine's teachings with Freeburg's satellite system, the rejection of Rouffet's claim over these references was improper and is reversed."); *see also In re Oetiker*, 977 F.2d 1443, 1445 (Fed. Cir. 1992) (reversing for "improperly combined" references, because "[i]f examination at the initial stage does not produce a prima facie case of unpatentability, then without more the applicant is entitled to grant of the patent") (internal citation omitted)).

The panel majority describes the Board's reasoning as "potentially lawful but insufficiently or inappropriately explained," as contrasted with "so crippled as to be unlawful." *In re Lee*, 277 F.3d 1338, 1346 (Fed. Cir. 2002) (internal citations omitted). Although this distinction may be a "fine line," *id.*, for the Van Os application the Board's reasoning does not come close to "potentially lawful" reasoning, unlike the examples cited by the majority. The facts herein are much closer to those of *Arendi S.A.R.L. v. Apple Inc.*, 832 F.3d 1355, 1366 (Fed. Cir.

2016) (reversing, in an *inter partes review*, because "this is not a case where a more reasoned explanation than that provided by the Board can be gleaned from the record").

Unlike the facts of *In re Lee,* the issue here is not a lack of specificity or absence of citation to the record or to legal authority. *Lee,* 277 F.3d at 1343–44 (remanding for further explanation when examiner's suggested motivations to combine lacked "specificity" and were based on "unknown authority"). Nor is the Van Os application defective simply due to incorrect construction of a claim term, as in *Power Integrations, Inc. v. Lee,* 797 F.3d 1318, 1325–26 (Fed. Cir. 2015) ("Because we vacate the Board's construction of the 'coupled' limitation in claim 1, we likewise vacate and remand its anticipation rejections of claims 17, 18, and 19.").

Instead, the Board and the examiner, without citation or explanation, justified the combination of Gillespie's sustained touch on a computer mousepad to initiate the editing menu on Hawkins' portable electronic device. The Board's statement that it would have been "intuitive" to combine the two is not a legally sufficient explanation. Neither the examiner nor the Board met the statutorily required burden of demonstrating unpatentability, although they had full opportunity to do so. This lack of reasoning is "so crippled as to be unlawful." *Lee,* 277 F.3d at 1346.

On our recognition and affirmation that the PTO failed to meet its statutory burden, the appropriate remedy is to instruct that the claims be allowed and the patent granted.