NEWMAN, Circuit Judge,
concurring in part, dissenting in part.
I agree that the bare recitation by the Board and examiner that it would have been “intuitive” to combine the disclosures of the Gillespie and Hawkins references is inadequate to support a ruling of obviousness. I write separately because remand is not the appropriate remedy in examination appeals in which the PTO has not carried its burden of establishing unpatentability. On our affirmance that the PTO has not established unpatentability, Apple is “entitled to a patent.” 35 U.S.C. § 102(a). That ends the examination procedure.
In examination appeals, the PTO and the PTAB are not,neutral arbiters; they bear the burden of establishing unpatenta-bility. This is a critical difference between an examination appeal and the new post-grant AIA procedures. On examination, the statute provides: “A person shall be entitled to a patent unless—.” 35 U.S.C. 102(a). Thus the burden of establishing unpatentability rests with the PTO during examination. If the PTO fails to carry that burden, by statute the applicant is “entitled to a patent.” Our predecessor court explained:
The Patent Office has the initial duty of supplying the factual basis for its rejection. It may not, because it may doubt that the invention is patentable, resort to speculation, unfounded assumptions or hindsight reconstruction to supply deficiencies in its factual basis.
Application of Warner, 379 F.2d 1011, 1017 (CCPA 1967).
When.the Patent Office, as it did here, relies on the “naked invocation of skill in the art to supply a suggestion to combine the references,” with no adequate explanation, reasoning, or analysis, the statutorily required result is reversal. In re Rouffet, 149 F.3d 1350, 1359 (Fed. Cir. 1998) (“Absent any proper motivation to combine part of Levine’s teachings with Freeburg’s satellite system, the rejection of Rouffet’s claim over these references was improper and is reversed.”); see also In re Oetiker, 977 F.2d 1443, 1445 (Fed. Cir. 1992) (reversing for “improperly combined” references,-because “[i]f examination at the ini *1363 tial stage does not produce a prima facie case of unpatentability, then without more the applicant is entitled to grant of the patent”) (internal citation omitted).
The panel majority describes the Board’s reasoning as “potentially -lawful but insufficiently or inappropriately explained,” as contrasted with “so crippled as to be unlawful.” In re Lee, 277 F.3d 1338, 1346 (Fed. Cir. 2002). (internal citations omitted). Although this distinction may. be a “fine line,” id. for the Van Os application the Board’s reasoning does not come close to “potentially lawful” reasoning, unlike the examples cited by the majority. The facts herein are much closer to those of Arendi S.A.R.L. v. Apple Inc., 832 F.3d 1355, 1366 (Fed. Cir. 2016) (reversing, in an inter partes review, because “this is not a case where a more reasoned explanation than that provided by the Board can be gleaned from the record”).
Unlike the facts of In re Lee, the issue here is not a lack of specificity or absence of citation to the record or to legal authority. Lee, 277 F.3d at 1343-44 (remanding for further explanation when examiner’s suggested motivations to combine lacked “specificity” and were based on “unknown authority”). Nor is the Van Os application defective simply due to incorrect construction of a claim term, as in Power Integrations, Inc. v. Lee, 797 F.3d 1318, 1325-26 (Fed. Cir. 2015) (“Because we vacate the Board’s construction of the ‘coupled’ limitation in claim 1, we likewise vacate and remand its anticipation rejections of claims 17,18, and 19.”).
Instead, the Board and the examiner, without citation or explanation, justified the combination of Gillespie’s sustained touch on a computer mousepad to initiate the editing menu on Hawkins’ portable electronic device. The Board’s statement that it would have been “intuitive” to combine the two is not a legally sufficient explanation. Neither the examiner nor the Board met the statutorily required burden of demonstrating unpatentability, although they had full opportunity to do so. This lack of reasoning is “so crippled as to be unlawful.” Lee, 277 F.3d at 1346.
On our recognition and affirmation that the PTÓ failed to meet its statutory burden, the appropriate remedy is to instruct that the claims be allowed and the patent granted.