NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PACKERS PLUS ENERGY SERVICES INC.,**
*Appellant*

**v.**

**BAKER HUGHES OILFIELD OPERATIONS, LLC,**
*Appellee*

---

2018-1490

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2016-01099.

---

Decided: June 10, 2019

---

CHRISTOPHER NEEDHAM CRAVEY, Jackson Walker LLP, Houston, TX, argued for appellant. Also represented by WASIF QURESHI.

STEPHANIE DEBROW, Norton Rose Fulbright US LLP, Austin, TX, argued for appellee. Also represented by MARK T. GARRETT, WILLIAM ANDREW LIDDELL, EAGLE HOWARD ROBINSON; JONATHAN S. FRANKLIN, Washington, DC.

---

Before LOURIE, LINN, and WALLACH, *Circuit Judges.*

LINN, *Circuit Judge.*

Packers Plus Energy Services Inc. ("Packers Plus") appeals the Patent Trial and Appeal Board's ("Board") final written decision, holding claims 1–29 of Baker Hughes Oilfield Operations, LLC's ("Baker Hughes") U.S. Patent Number 6,006,838 ("the '838 patent") *not* unpatentable as obvious in an inter partes review. *See Packers Plus Energy Servs. Inc v. Baker Hughes Oilfield Operations, LLC*, No. IPR2016-01099, 2017 WL 6206291 (P.T.A.B. Nov. 29, 2017) ("*Decision*").

Because the Board did not err in construing the claim limitation "over the jetting passageways," and because substantial evidence supports the Board's conclusion that independent claims 1, 8, and 16 and the claims dependent therefrom are not unpatentable over the cited prior art, we affirm that much of the Board's decision. Because the Board did not independently consider the patentability of independent claim 21 and the claims dependent therefrom, and because we are not persuaded by the alternative grounds for affirmance asserted by Packers Plus, we vacate and remand the Board's decision with respect to those claims.

I

Packers Plus first argues that the Board erred by construing the limitation "over the jetting passageways" to mean "covering the jetting passageways." Packers Plus contends that the Board erred in imposing a structural relationship between the shiftable sleeve and the jetting passageways when in the "closed" position, rather than the functional relationship of blocking fluid communication between the jetting passageways and the central passageway.

We see no error in the Board's construction. The plain meaning of "over" is to describe the structural arrangement

of one object with respect to another, not the functional relationship thereof. Claim 1 *does* use functional language in describing the shiftable sleeve in its open position "whereby the jetting passageways are in communication with the central passageway of each housing." Claim 1, however, does *not* use parallel language when describing the shiftable sleeve in its *closed* position, opting instead for the spatial language of "over the jetting passageways." Packers Plus proffers no reason why it would be appropriate to rewrite the claims to make the language used to recite the "closed" and "open" positions parallel.

Packers Plus argues that even if "over" specifies a physical position, it should be construed to mean "above." We disagree. Nothing in the specification shows or describes a shiftable sleeve above the jetting passageway but not also covering it. There is simply no support for Packers Plus's construction. As the Board recognized, the presence of a single dictionary definition of "over" as meaning "above" does not make that definition a reasonable reading of the limitation in light of the specification. *See PPC Broadband, Inc. v. Corning Optical Commc'ns RF, LLC*, 815 F.3d 734, 742–43 (Fed. Cir. 2016).

II

Packers Plus next argues that the Board erred in holding Claims 1, 8, and 16 non-obvious over the combination of U.S. Patent No. 4,099,563 ("Hutchison") and U.S. Patent No. 5,765,642 ("Surjaatmadja"). First, Packers Plus contends that the Board erred by analyzing the obviousness of the combination solely as presented in Baker Hughes's Patent Owner Response (as pictured in Modified Figure 2, reproduced below), rather than more broadly based on the overall teachings of the references. According to Packers Plus, because a proper obviousness analysis "does not require an actual, physical substitution of elements," *In re Mouttet*, 686 F.3d 1322, 1332 (Fed. Cir. 2012), the Board should not have limited its obviousness analysis to the



FIG.2

MODIFIED

particular configuration suggested by Baker Hughes's response. Second, Packers Plus argues that even using Baker Hughes's proffered configuration of the combination, the Board erred in finding non-obviousness only by improperly narrowing the claim construction to require the sleeve to "straddle" the jetting passageway.

Baker Hughes responds that the Board's conclusion of non-obviousness is supported by substantial evidence. With respect to the placement of the jetting nozzles in the combination, Baker Hughes points out that Packers Plus did not argue for any particular position for the jetting nozzles in the asserted combination presented in its petition and contends that Packers Plus has not offered a reason why an ordinary artisan would place the nozzles in a position such that the sleeve would cover the jetting passageway.

We agree with Baker Hughes. The Board did not err by using Modified Figure 2, *above left*, as a representation of the proposed combination. Packers Plus's obviousness theory was built on "substituting" or "replacing" Hutchison's annular steam chamber with Surjaatmadja's jet nozzles. J. App'x 92 ("substituting"; J.App'x 93 ("replacing Hutchison's annular steam chamber with Surjaatmadja's nozzles"); J. App'x 95 ("[A person of ordinary skill] would have understood simply to substitute Surjaatmadja's nozzles for Hutchison's steam deflector"). As the Board correctly noted, Packers Plus nowhere explained where the jet nozzles would have been positioned in the combination by a person of ordinary skill, much less

provided a reason why—in the absence of hindsight—such a person of ordinary skill would have placed the jet nozzles at the one particular place where the shifting sleeve would cover the jetting passageways. Packers Plus's citation to its expert report does not help. That report merely opines that "[t]here would be no design hurdle or obstacle that would prevent a person of ordinary skill in the art from" "simply . . . substitut[ing] Surjaatmadja's nozzles for Hutchison's steam deflector." That statement identifies no teaching or disclosure in the cited references to suggest where the jet nozzles should be positioned in the combination or how and whether those nozzles would "cover" the jetting nozzle passageways. Nor does the statement proffer any reason why the nozzles would be positioned at a particular place.

We also agree with the Board that Packers Plus's argument about the placement of the nozzles in the combination is merely "unsupported attorney argument." As the Board correctly recognized, "[p]etitioner does not provide sufficient explanation or offer credible evidence to support its contention that a person of skill in the art would consider it 'reasonable and obvious' to place Surjaatmadja's jetting nozzles at the same location that sliding sleeve 38 forms a seal with the fluid passageway." *Decision*, 2017 WL 6206291, at \*13. The Board's determination that Packers Plus failed to provide sufficient reason to combine Hutchison and Surjaatmadja in the particular configuration is supported by substantial evidence.

We also agree with Baker Hughes that the Board did not improperly narrow its claim construction when analyzing obviousness. Substantial evidence supports the Board's conclusion that because the Hutchison/Surjaatmadja combination as pictured above includes empty space (in yellow) between the jetting nozzle passageways (white and green) and the sleeve (purple), the sleeve does not in fact "cover" the jetting nozzle passageways." This is not limiting the claim construction. In the same way that

a lid does not "cover" a box if it is held a few inches off the top, it is perfectly reasonable for the Board to have concluded that the sleeve does not "cover" the jetting passageways when there is an empty space between the sleeve and the passageway. The Board did not limit its construction to a preferred embodiment.

## III

In its analysis, the Board at first recognized that Claim 21 "differs" from Claims 1, 8 and 16 in reciting that the jetting passageways are "sealed from the central passageways by the shiftable sleeve in the closed position" without reciting that the sleeve has "a closed position over the jetting passageways." In continuing with its claim construction, however, the Board ignored that difference and focused its analysis solely on the word "over." The Board ultimately construed the limitation "over the jetting passageways" but never separately construed the different limitation recited in Claim 21. This was legal error. The Board compounded its error by treating Claim 21 as if it included the construed limitation "over the jetting passageways" and then analyzing the patentability of all of the independent claims as a single group.

Baker Hughes does not argue that the Board's reasoning with respect to the "over the jetting passageways" limitation also applies to the "sealed from the central passageways" limitation. Instead, it argues that we can affirm non-obviousness of Claim 21 on three alternative grounds. We address each, *infra*.

## A

As a preliminary matter, we disagree with Packers Plus's contention that *In re Lee*, 277 F.3d 1338, 1345–46 (Fed. Cir. 2002) prohibits us from considering these alternative grounds on an appeal from the Board. In *Lee*, we refused to affirm a decision on alternative grounds proffered by the Solicitor during oral argument and not

considered by the Board. *Id.* at 1345. We explained that consideration of these alternative grounds would "deprive[] the aggrieved party of a fair opportunity to support its position; thus review of an administrative decision must be made on the grounds relied on by the agency." *Id.* This follows the "familiar appellate procedure that where the correctness of [a] lower court's decision depends upon a determination of fact . . . which has not been made, the appellate court cannot take the place of the [fact finder]. Like considerations govern review of administrative orders." *Sec. & Exch. Comm'n v. Chenery Corp.*, 318 U.S. 80, 88 (1943). But where the issues raised do not require us to find facts in the first instance, we have previously considered alternative grounds to support a Board decision. *See, e.g., Click-To-Call Techs., LP v. Ingenio, Inc.*, 899 F.3d 1321, 1336 (Fed. Cir. 2018) (citing *Killip v. Office of Pers. Mgmt.*, 991 F.2d 1564, 1568–69 (Fed. Cir. 1993) and recognizing, in an appeal from the Merit Systems Protection Board , that we may "affirm the Board on grounds other than those relied upon in rendering its decision, when upholding the Board's decision does not depend upon making a determination of fact not previously made by the Board"); *Nike, Inc. v. Adidas AG*, 812 F.3d 1326, 1346 (Fed. Cir. 2016), *overruled on other grounds by Aqua Prods., Inc. v. Matal*, 872 F.3d 1290 (Fed. Cir. 2017). Here, the Board considered each of the facts underlying the alternative grounds, and both parties had the opportunity to address the issues at the Board. We are therefore free to consider the alternative grounds in this appeal.

B

Baker Hughes first argues that substantial evidence does not support the Board's determination that the Hutchison/Surjaatmadja combination discloses the "tailpipe string" limitation of Claim 21. Baker Hughes gives two reasons in support of its position. It first argues that "tailpipe" is a term of art that ordinary artisans would have understood, and should be construed, to refer exclusively to

pipe hung from a casing packer or hanger packer. Such packers remain in the hole during extraction as distinguished from Hutchison's tubing string, which would be expected to be removed prior to extraction. J. App'x 26; J. App'x 739; J. App'x 791 (Cox Dec'l, ¶ 70). Packers Plus responds that "tailpipe" string should not be construed so narrowly.

Baker Hughes next argues that the Board could only find that the tubing string of Hutchison is the same as the claimed tailpipe string by improperly shifting the burden to Baker Hughes to show that Hutchison did *not* teach a tailpipe string. Packers Plus contends that the burden was not shifted and that substantial evidence from both parties' experts supports the Board's finding that Hutchison taught the tailpipe string limitation.

We see no error in the Board's analysis of this limitation. Claim 21 does not recite a particular type of packer. Baker Hughes's attempt to import that limitation into the claim from the specification must fail. While it is true that all of the embodiments in the '838 patent show a string extending below a packer into an open well, claim scope is not ordinarily limited to preferred embodiments. Here, Baker Hughes does not provide a persuasive reason for deviating from the general rule. Moreover, Baker Hughes's position that ordinary artisans would understand that a tubing string like that taught in Hutchison necessarily excludes the use of a production or liner hanger packer is belied by Dr. Cox's cross-examination testimony that "it was well known prior to the '838 patent to run tubulars and completion components below a production packer or liner hanger packer." We see no error in the Board's reliance on this testimony to decline Baker Hughes's invitation to limit the construction of "tailpipe string."

We also do not agree with Baker Hughes that the Board improperly shifted the burden of proof to Baker Hughes. In context, the Board's statement that "Patent

Owner . . . does not present sufficient arguments or credible evidence demonstrating why one of skill in the art would not consider tubing string 19 of Hutchison to be a tailpipe string," *Decision*, 2017 WL 6206291, at \*11, was simply a rejection of Baker Hughes's claim construction of "tailpipe string" as necessarily requiring a production packer or liner hanger packer. The Board did not shift the burden with respect to obviousness.

## C

Baker Hughes next argues that non-obviousness of claim 21 should be affirmed because Hutchison's cup packers would be unsuitable for use in an open-hole bore. We disagree. As noted above, the claims do not require a particular type of packer. Moreover, obviousness does not require the bodily incorporation of the teachings of one reference to another reference—an ordinary artisan has the capacity for ordinary creativity when combining references. *Allied Erecting & Dismantling Co. v. Genesis Attachments, LLC*, 825 F.3d 1373, 1381 (Fed. Cir. 2016) (quoting *In re Keller*, 642 F.2d 413, 425 (CCPA 1981)); *see also KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 421 (2007) ("A person of ordinary skill is also a person of ordinary creativity, not an automaton.").

## D

Finally, Baker Hughes argues that substantial evidence does not support the combination of Hutchison with Surjaatmadja because the jet nozzles of Surjaatmadja would render the Hutchison string unsuitable for its intended purpose of evenly heating heavy oils in a well bore. We disagree. No doubt, the use of jet nozzles in place of the annular chambers in Hutchison would direct the steam to particular areas, rather than create uniform heating. But as Packers Plus correctly points out, "a reference may be read for all that it teaches, including uses beyond its primary purpose." *Mouttet*, 686 F.3d at 1331. In the cited combination, Hutchison teaches the availability of multiple

modules in multiple zones within a bore, and how those different modules are activated to help extract oil at different depths.  That the combination would not evenly heat a region, but focus on particular areas, does not in and of itself undermine the Board's obviousness determination.

## AFFIRMED-IN-PART, VACATED-IN-PART, AND REMANDED

### COSTS

No costs.